**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MARTIN; et al., | No. 19-55761 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-08999-JLS-DFM |
| v. | |
| CALIFORNIA TEACHERS ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Michael Martin, Lori Bonner, Phillip David Glick, and Kimberly Jolie

appeal from the district court's judgment dismissing their 42 U.S.C. § 1983

putative class action alleging federal and state law claims arising out of union

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral argument, set forth in the opening brief, is denied.

membership dues paid to the National Education Association of the United States, California Teachers Association, and Riverside City Teachers Association ("union defendants"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and for lack of subject matter jurisdiction. *Serra v. Lappin*, 600 F.3d 1191, 1195-96 (9th Cir. 2010). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of plaintiffs' First Amendment claim for retrospective monetary relief was proper because the deduction of union membership dues arose from the private membership agreements between the union defendants and plaintiffs, and "private dues agreements do not trigger state action and independent constitutional scrutiny." *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) (discussing state action).

The district court properly dismissed plaintiff Martin's claim challenging the constitutionality of California Education Code § 45060(a) because Martin failed to allege facts sufficient to state a plausible claim. *See Cal. Tchrs. Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1150-52 (9th Cir. 2001) (setting forth vagueness analysis in First Amendment context); *see also Belgau*, 975 F.3d at 950-52 (concluding that the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First

19-55761

Amendment right to avoid compliance with validly entered union membership agreements).

The district court properly dismissed plaintiffs' claims challenging the constitutionality of California Government Code § 3558 because plaintiffs did not demonstrate that the statute is unconstitutional on its face. *See County of Los Angeles v. L.A. County Emp. Rels. Comm'n*, 301 P.3d 1102, 1115 (Cal. 2013) (recognizing that the need for public sector unions to communicate with employees they represent outweighs the privacy interests in personal contact information).

The district court properly dismissed plaintiffs' state law claims because plaintiffs failed to allege facts sufficient to state a plausible claim. *See* Cal. Gov't Code § 3515.7 (permitting collection of agency fees and membership dues); *El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*, 663 P.2d 893, 901-02 (Cal. 1983) (setting forth California's preemption doctrine).

The district court properly dismissed plaintiffs' First Amendment claims challenging the exclusive bargaining representation arrangement for California public sector employees because plaintiffs failed to allege facts sufficient to state a plausible claim. *See Mentele v. Inslee*, 916 F.3d at 790-91 (holding that an exclusive bargaining arrangement is constitutionally permissible).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**